FILED

OCT 1 8 2006

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

Betty Murphy AKA Avant     #1592605?

Thomas Avant     # 22190-057

_____     _____

*(Enter above the full name of the plaintiff*     *(Inmate Reg.# of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**

**CIVIL ACTION NO.** _1:06 -0878_
*(Number to be assigned by Court)*

Tina Altizer, Former Unit Manager (A Building)

Federal Bureau of Prisons et. al.

Acting Captain Stanley; Correction Officer Shephard
    Lieutenant Oakes
    Warden Hickey

_____

*(Enter above the full name of the defendant*
*or defendants in this action).*

## COMPLAINT

I.    **Previous Lawsuits**

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes _____    No _x_

1

B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1.    Parties to this previous lawsuit

        Plaintiffs:    N/A

        Defendants:  N/A

    2.    Court (if federal court, name the district; if state court, name the county):

        N/A

    3.    Docket Number:  N/A

    4.    Name of judge to whom case was assigned:

        N/A

    5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

        N/A

    6.    Approximate date of filing lawsuit:  N/A

    7.    Approximate date of disposition:  N/A

II.     **Place of Present Confinement:** <u>Thomas Avant FCI Edgefield</u>
                                          <u>Betty Murphy AKA Avant FPC Alderson</u>

A.     Is there a prisoner grievance procedure in this institution?

                    Yes <u>X</u>              No <u>____</u>

B.     Did you present the facts relating to your complaint in the
       state prisoner grievance procedure?

                    Yes <u>X</u>              No <u>____</u>

C.     If your answer is YES:

       1.     What steps did you take? <u>BP 9, B 10,B11</u>

              <u>All levels and S/S Lieutenant Jones</u>

       2.     What was the result? <u>Negative</u>

D.     If your answer is NO, explain why not: <u>N/A</u>

III.    **Parties**

       (In item A below, place your name and inmate registration number in the first
       blank and place your present address in the second blank.  Do the same for
       additional plaintiffs, if any.)

A.     Name of Plaintiff: <u>Betty Murphy AKA Avant</u>

       Address: <u>Box A,Range A-4 Alderson, WV 24910 (FPC)</u>

B.     Additional Plaintiffs and Address: <u>Thomas R. Avant</u>

       <u>P.O. Box 725 Edgefield, SC 29824 (FCI)</u>

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use item D for the names, positions, and places of employment of any additional defendants.)

C.    Defendant   Tina Altizer, Case Manager/Federal Bureau of Prisons

is employed as   Case Manager

at   Federal Prison Camp Alderson, Box A Alderson, WV 24910

D.    Additional defendants:   Activity "unknown" Stanley, Federal Prisons;

Department of Justice; Correctional Officer Shephard, Lieut-

enant Oakes, Warden Hickey

## IV.    Statement of Claim

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheet if necessary).

This is a First Amendment Case of wrongful infliction of pain and suffering that has caused irreparable damage based on the defendants wrongful, intentional, wanton denial of basic liberties as to the prisoner's Eighth Amendment.  The defendants showed deliberate indifference.  These

circumstances arises from the BOP's Case Manager's (Tina Altizer) refusal to allow correspondence between former ex-husband, Thomas Avant, "based

solely on the 'length of separation' (only twenty (20) years)".  Murphy-Avant has been incarcerated seventeen (17) of those years.  The BOP has

allowed and permitted visitation with Thomas Avant.  Yet, Tina Altizer, former Unit Manager of A Building, made the baseless call to deny.  As a result, Murphy

was placed in a position to seek other avenues against policy to communicate with her cancer-ridden former ex-husband, step-father to her children, grand

## IV. Statement of Claim (continued):

children and great-grand children.  Mr. Avant's facility not the Probation Department
found cause to prevent the correspondence, both names are clearly personal history,
as stated on  both Pre-Sentence Reports.  Murphy believes the denial is ill-willed,
malicious, cruel and unusual punishment.  Murphy-Avant has submitted two (2)
correspondence requests to the Warden and Unit Team that have gone unanswered.
Discussions with present Unit Manager/SIS Lt. and Warden have proven fruitless.  Mr.

Avant is Murphy-Avant's only living ex-spouse.  Murphy-Avant received an Incident
Report for getting a releasing inmate to mail her letters to Avant.  This Incident

Report, although a violation of Policy (Code 410 Misuse of the Mail), coupled with a
Code 328 "Giving an inmate something of value or money" because of the stamp on the

letter caused Murphy to lose her preferred housing for sixty (60) days and have
Quarters restrictions for thirty (30) days.  In addition, Murphy had earned a seven (7)
day furlough, that was cancelled due to the incident report, which would not have
occurred had the correspondence request had originally been approved.

The Bureau recognizes common-law relationships with prior criminal history and
does not recognize bonafide legal marriage or ex-husbands even with 43 years

of friendship, marriage and continued friendship with the possibility of remarriage.

## V.   RELIEF

State briefly exactly what you want the court to do for you.  Make no legal
arguments.  Cite no cases or statutes.

1.  Have BOP honor their own policy of personal history (over 40 years) and allow
    correspondence between Avants.  P.S. 7100.1B

2.  Refrain from any and all restrictions of correspondence, visit or association
    with her ex-husband.  Allow and honor Thomas Avant's request for correspondence

    and association with his wife immediately.  She desires correspondence.
3.  Expunge Incident Report and order seven (7) days furlough restored and/or reduce

    seven (7) days from the active sentence.
4.  Stop any and all retaliation, mockery and harassment, etc. by all and acting

    Captain Stanley, who announced to all housing units (including Murphy's) "Furlough
    was cancelled because of a mail violation" causing undue pain and suffering and

    embarassment.  During the investigation and execution of the Incident Report,
    Officer Shepherd destroyed mitigating evidence.  Lt. Oakes made Inmate Blevins,

    a witness (hostile) by lying to her stating "Murphy-Avant said her friend, Karen
    Long, stole Murphy-Avant's mail."  I never accused Long of stealing mail from

    me, but did want the witness to state "she" gave her (Karen) my mail to mail when she
    was released and not Murphy-Avant, Plaintiff as she is accused.  However, it was

## V. Relief (continued)

Murphy-Avant's mail and sanctions were appropriate but denial of correspondence and remarriage is inappropriate.  The defendants intentional and unjustifiedly

delay and caused suffering,  Of actual harm, by not providing Betty Murphy aka Avant and Thomas Avant procedural protections when they restricted correspondence

right, protected by constitutionally-based liberty interest protected by due process Procunier v. Martinez, 416 U.S. 396, 417-419, 94 S. Ct. 1800 (1974), Wheeler vs. U.S.,

640 F. 2d 1116.  There was no good reason to bar correspondence between Thomas Avant and Betty Murphy aka Avant.  (Murphy is the maiden name.)  Massey v. Wilson, 484

F. Supp 1332.

## VII.   Counsel

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

N/A

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes _____          No __XX__

If so, state the name(s) and address(es) of each lawyer contacted:

N/A

If not, state your reasons: __Pro Se__

C. Have you previously had a lawyer representing you in a civil action in this court?

Yes _____          No __✓__

If so, state the lawyer's name and address:

N/A

Signed this ___3rd___ day of ___October___ , ~~19~~ 2006.

*Betty Murphy AKA Avant*
Betty Murphy aka Avant
*Thos. Avant (POA)*
Thomas Avant

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___October 23, 2006___
(Date)

*Betty Murphy AKA Avant*
*Thomas R. Avant (POA)*
Signature of Movant/Plaintiff

*Betty Murphy AKA Avant*
Signature of Attorney          Pro Se
(if any) *Thomas R. Avant*

Betty Jean Murphy
#15926-057

Background:

This case arises from the Bureau of Prison's (BOP's) denial of correspondence and
based on "length of separation and no children" between Thomas R. Avant and Betty
Murphy, formerly Betty Murphy-Avant (hereinafter Murphy-Avant).

The personal history of this relationship commenced in/or about 1963, and has
remained a friendship through the marriage and divorce.  All is noted in the
Pre-Sentence Report of both Mr. Avant and Mrs. Murphy-Avant and is listed as
ex-former husband also on the visitation list at Alderson FPC.  Sometime during
2005, Avant's institution, FCI Edgefield processed a request for correspondence.
Without any notification to Murphy-Avant at all.  Tina Altizer, Unit Manager
actually denied that request based on "length of separation" (only).  Murphy-
Avant has served an active sentence since 1989 (17 years) and the friendship
has remained.  Remarriage has been considered.  It is because Avant initiated
the request, Murphy-Avant could not pursue an Administrative Remedy to cure
this procedural defect until Warden Hickey denied her request on 9/18/2006.  In
addition to that, Murphy submitted two of her own correspondence request forms
for consideration.  Both went unanswered by Unit Team Staff at Alderson FPC.  A
correspondence form was submitted to Warden Hickey.  There were urgent legal
and medical family matters between Thomas Avant and Murphy-Avant.  Avant's step-
son has criminal legal issues and Avant himself is a victim of colon cancer.
After a substantial waiting period, an inmate who was being released received
some of my mail which was delilvered to her by her girlfriend Roxanna Blevins.
She (Karin Long) was searched by correction officer Shephard while departing
and inside two (2) white sealed envelopes were two (2) letters addressed for
Thoams Avant from sender, Betty Avant (one in the same) with a P.O. Box 24192
which is a registered P.O. Box to Betty Murphy-Avant in her hometown, Winston
Salem, North Carolina.  Shephard destroyed the two (2) outer envelopes that
encased the 2 letters and presented only 2 letters that were removed from the
plain white envelopes with the name "Karen" on them writted by Roxanne Blevins,
which whould have proven Murphy did not give Karen the mail.

Thomas Avant and Betty Murphy-Avant, anticipate a remarriage upon Murphy-Avant's
release in 2007.  The defendants intentionally and unjustifiably delay in approving
any correspondence has caused suffering of actual harm by not providing Murphy-
Avant and Thomas Avant with Procedural protections of well documented information
when their restricted and imposed denial and sanctions on correspondence, rights
protected by constitutionally based liberty interest in violation of Due Process
in violation of Procurier vs. Martinez, 416 U.S. 396, 417-19, 94 S.Ct. 1800 (1974)
Wheeler vs. U.S., 640 F. 2d. 1116.

Murphy contends the denial to correspondence between she and her former husband
is far-reaching and does not pose a tangible threat to the order and security
of the institution.

At no time did Murphy attempt to mail any mail or have any mail delivered to the
mailbox for delivery to Thomas Avant (P.O. Box 24192 and Avant are valid information
on Murphy.  Avant is a legal name.)  The Team based their finding of guilt on the
name and P.O. Box.  Murphy spoke to Mr. Fondale, ISM, as to what constitutes
"misuse of mail", and he agrees this is not a case of misuse of mail.  Painter
requested  an Affidavit from Shephard and Blevins.  Shephard lied during this
investigation by stating Karin Long gave her the information on the incident
report.  She did not!  Lt. Oakes intimidated the witness and made her a hostile

Betty Jean Murphy
#15926-057
page 2

witness <u>before</u> she could explain to him how Long came into possession of the letters o r Murphy-Avant request copies of any and all statements formulated pertaining to this matter.

There is no evidence to support the charges of misuse of mail.  It is not unlawful for her use Avant.  The mere possession of Murphy aka Avant's mail does not support the charges of:

1.  Misuse of Mail.
2.  Giving something of value to another inmate without staff's authorization.

The stamps were of no value to Long period.  See:  <u>Edward vs. White</u>, 501 F. Supp. 8, (M.D. Pa 1979).

There is no evidence to support Murphy aka Avant conspired with anyone, namely Karin Long, nor Roxanne Blevins, who actually gave Karin Long the mail to mail on her departure.  See:  <u>U.S. ex rel Smith vs. Robinson</u>, 495 F. Supp 696 (E.D. PA 1980).

As stated by the Team, the only evidence "was Murphy's own admission they were her letters, <u>not that she gave the letters to anyone</u> and the officers' statements as to the misuse of mai not the giving of something of value and money, based on the lack of evidence.  This finding must be struck down and not second-guessed.  Murphy seeks expungement of the record.  The Procedural protections and tainted evidence does not comply with the Due Process requirements.  This is precisely why Murphy seeks the review of the writer/censor, Shephard and deferred to SIS Lt. Jones and acting Captain Stanley.  Thomas Avant met the procedural liberty interest for visitation under the First Amendment and local statutes and regulations contrary to Avant meeting those visiting standards, Altizer found the correspondence was inappropriate "because of the length of separation" not criminal history."  No children are required to correspond.

Acting Captain Stanley caused deliberate, intentional harm by announcing to all the Inmate Housing Ranges that Murphy-Avant had lost her furlough because of her attempt to have letters mailed that was unrofessional conduct which caused Murphy irreparable damage.  She singled Murphy out for harassment.  It was unnecessary to express Murphy's personal dilemma to the inmate population, when the Town Hall Meeting was pertaining to institutional changes and security and not disciplinary results.  Murphy was the only inmate that was denied a seven (7) day furlough based on a Stanley mail infraction.  (Code 410-Low Series).  Stanley singled Murphy out to make an "example" of her for writing her ex-husband, who should have been approved from the onset.  At FCI Edgefield, the Staff there were appalled Tina Altizer made such a call to deny their request for Mr. Thomas Avant to correspond with his ex-former wife, Betty Murphy.  Acting Captain Stanley failed to respond to Murphy's Cop-Out, written and hand delivered to her making her aware of some misconduct by subordinates Correction Officer Shephard and Lt. Oakes.  Murphy alleged that Shephard tampered with and destroyed pertinent evidence (2 plain white sealed envelopes).  These envelopes were of a mitigating nature to Murphy's defense at Team.  It would have supported Murphy's argument, she did not deliver the mail to a "Karin Long" (from whom Shephard confiscated the letters) but rather another named inmate, Roxanne Blevins.  The envelopes bore the signature of Blevins.

Betty Jean Murphy
#15926-057
page 3

Lt. Oakes lied to the witness, Roxanne Blevins, selected by Murphy and made her
a hostile witness, by telling her Murphy said "Karin Long had stolen the mail".
Murphy hadstated he needed to ask Blevins how Long came into possession of the
letters, knowing Blevins, <u>not</u> Murphy, gave Long the letters to mail when she
was released.

Shephard rearranged the statement given him by Karin Long, to frame the Incident
Report and never provided a written statement from Long to support his ill-
gotten sworn statement which constitutes a "false statement".

### Certificate of Service

Service cannot be effectuated at this juncture because no Assistant United States
Attorney has been assigned.

*Betty Jean Murphy*
Betty Jean Murphy
*Dated October 23, 2006*

Betty Murphy #/KA Arlent
#15936857
Betty Murphy #4
Federal Prison Camp
Alderson W.V. 24910

Clerk
United States District Court
Southern District of
Western Virginia
P.O. Box 4128
at Bluefield, West Virginia
24702

