IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **BETTY JEAN MURPHY and** | ) |
| **THOMAS AVANT,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   **Civil Action No. 1:06-0878** |
| | ) |
| **TINA ALTIZER,** | ) |
| **Former Unit Manager,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 18, 2006, Plaintiffs, acting *pro se*, filed their Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 1.) Plaintiffs name the following as Defendants: Tina Altizer, Captain Stanley, Department of Justice, Correctional Officer Shephard, Lieutenant Oakes, and Warden Hickey. (Id., p. 4.) Plaintiffs, who were formerly married and both incarcerated,[2] allege that Defendants prohibited them from corresponding with each other through the mail in violation of their First and Eighth Amendment rights. (Id., pp. 4 - 10.) Specifically, Plaintiffs state as follows:

> This is a First Amendment case of wrongful infliction of pain and suffering that has caused irreparable damage based on the defendants' wrongful, intentional, wanton denial of basic liberties in violation of the Eighth Amendment. The defendants showed

---

[1] Because Plaintiffs are acting *pro se*, the documents which they have filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The Bureau of Prisons' Inmate Locator indicates that Plaintiff Murphy was released from custody on October 30, 2007. The Inmate Locator indicates that Plaintiff Avant is currently located at FMC Butner and has a projected release date of February 13, 2012.

deliberate indifference. These circumstances arise from the BOP Case Manager's (Tina Altizer) refusal to allow correspondence between former husband, Thomas Avant, "based solely on the 'length of separation' (only twenty years)." Murphy-Avant has been incarcerated seventeen (17) of those years. The BOP has allowed and permitted visitation with Thomas Avant. Yet, Tina Altizer, former Unit Manager of A Building, made the baseless call to deny. As a result, Murphy with her cancer-ridden former husband, step-father to her children, grand children, and great-grand children. Mr. Avant's facility, nor the Probation Department, found cause to prevent the correspondence, both names are clearly personal history, as stated on both Pre-Sentence Reports. Murphy believes the denial is ill-willed, malicious, cruel and unusual punishment. Murphy-Avant has submitted two correspondence requests to the Warden and Unit Team that have gone unanswered. Discussions with present Unit Manager/SIS Lt. and Warden have proven fruitless. Mr. Avant is Murphy-Avant's only living ex-spouse. Murphy-Avant received an Incident Report for getting a releasing inmate to mail her letters to Avant. This Incident Report, although a violation of Policy (Code 410 Misuse of the Mail), coupled with a Code 328 "Giving an inmate something of value or money" because of the stamp on the letter caused Murphy to lose her preferred housing for sixty (60) days and have quarter restrictions for thirty (30) days. In addition, Murphy had earned a seven (7) day furlough that was cancelled due to the incident report, which would not have occurred had the correspondence request originally been approved. The Bureau recognizes common-law relationship with prior criminal history and does not recognize bonafide legal marriage or ex-husband even with 43 years of friendship, marriage and continued friendship with the possibility of remarriage.[3]

(Id., pp. 4 - 5.) Plaintiffs request the following relief: (1) an Order permitting inmate-to-inmate correspondence between Plaintiffs; (2) an Order permitting inmate-to-inmate visits or association between Plaintiffs; (3) an Order restoring Plaintiff Murphy's furlough or reducing her sentence by seven days; and (4) an Order prohibiting "any and all retaliation, mockery, and harassment" of Plaintiff Murphy by Defendants. (Id., p. 6.)

By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee

---

[3] Plaintiffs stated that they "anticipate a remarriage upon Murphy-Avant's release in 2007." (Document No. 1, p. 8.)

of a governmental entity. On review, the Court must dismiss the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). The undersigned has determined that the Complaint in this case should be summarily dismissed as moot because Plaintiff Murphy has been released from custody and neither Plaintiff has made a claim for monetary relief.

## ANALYSIS

The allegations stated in Plaintiffs' Complaint asserting violations of their constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43

(1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In general therefore, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which he or she complained. Id.

In the instant case, Plaintiffs have requested only injunctive relief: (1) an Order permitting inmate-to-inmate correspondence between the Plaintiffs; (2) an Order permitting inmate-to-inmate visits or association between Plaintiffs; (3) an Order restoring Plaintiff Murphy's furlough or reducing her sentence by seven days; and (4) an Order prohibiting "any and all retaliation, mockery, and harassment" of Plaintiff Murphy by Defendants. (Document No. 1, p. 6.) Having examined Plaintiffs' Complaint, the Court has determined that Plaintiffs challenge the conditions of their confinement. Specifically, Plaintiffs allege that even though FMC Butner will allow inmate-to-inmate correspondence between Plaintiffs, FPC Alderson refuses to allow such communications.[4] Thus, Plaintiffs challenge FPC Alderson's refusal to allow correspondences between the incarcerated Plaintiffs. Title 28 C.F.R. § 540.17 provides as follows:

> An inmate may be permitted to correspond with an inmate confined in any other penal or correctional institution if the other inmate is either a member of the immediate family, or is a party or witness in a legal action in which both inmates are involved. Such correspondence may be approved in other exceptional circumstances, with

---

[4] 28 C.F.R. § 540.17(b)(1) provides that "[t]he appropriate unit manager at *each* institution must approve of the correspondence if both inmates are housed in Federal institutions . . .."

>    particular regard to the security level of the institution, the nature of the relationship between the two inmates, and whether the inmate has other regular correspondence.

The undersigned notes that Plaintiff Murphy has been released from custody. Thus, Plaintiff Murphy's release from FPC Alderson destroyed the "case or controversy" requirement concerning Plaintiffs' claims. Accordingly, Plaintiffs' claims for injunctive relief are moot. Because Plaintiffs have not made a request for monetary relief, their Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).[5]

---

[5] Furthermore, the undersigned finds that Defendants' refusal to allow inmate-to-inmate correspondences between Plaintiffs, who were formerly married, did not result in a constitutional violation. *See Shaw v. Murphy*, 532 U.S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001)(stating that this Court has sustained restrictions on inmate-to-inmate written correspondence because some First Amendment rights are simply inconsistent with the corrections system's "legitimate penological objectives"); *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)(holding that a regulation restricting correspondence between inmates was reasonable because it "does not deprive prisoners of all means of expression . . . [but] with only a limited class of other people with whom prison officials have particular cause to be concerned"); *Nasir v. Morgan*, 350 F.3d 366 (3rd Cir. 2003)(holding that the prison's prohibition on correspondence between inmates and former inmates did not violate the First Amendment); *Farrell v. Peters*, 951 F.2d 862 (7th Cir. 1992)(holding that the First Amendment was not violated when a prisoner was denied permission to correspond with his alleged common-law wife, who was also incarcerated); *Vester v. Rogers*, 795 F.2d 1179, 1183 (4th Cir. 1986)(Prison rule prohibiting correspondence between prisoners in different penal institution without permission of wardens, did not operate as an absolute denial of free speech); *LaSure v. Gore*, 2009 WL 1748718 (D.S.C. 2009)(finding that an inmate's Fourteenth Amendment rights were not violated when prison officials confiscated mail he received from another inmate, since mail between inmates violated prison policy and the offender failed to provide evidence that he was granted permission to correspond with the inmate); *Owens v. Padula*, 2007 WL 2116440, at *2 (D.S.C. 2007)("A prison regulation prohibiting correspondence between inmates is reasonably related to valid corrections goals and does not abridge the First Amendment rights of inmates."); and *Howard v. Keohane*, 898 F.Supp. 459 (E.D.Ky. 1995)(Inmates housed in separate federal facilities, who previously had a relationship in a state that did not recognize common-law marriages, were not members of each other's "immediate family" and, therefore, were not entitled to correspond with each other.) Additionally, it is well established that prison officials are accorded wide ranging deference in the adoption and execution of policies that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiffs' Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: October 15, 2009.

R. Clarke VanDervort
United States Magistrate Judge